UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>                    Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>                    Respondent. | Case No.:  22cv0831 GPC (RBB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Paul C. Bolin ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254.  (ECF No. 1.)

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has not paid the $5.00 filing fee and has not filed an application to proceed *in forma pauperis* ("IFP").  Because this Court cannot proceed until Petitioner has either paid the filing fee or qualified to proceed IFP, the Petition is subject to dismissal without prejudice.  See Rule 3(a), 28 U.S.C. foll. § 2254.

**FAILURE TO NAME A PROPER RESPONDENT**

A review of the Petition reveals that Petitioner has also failed to name a proper respondent.  On federal habeas, a state prisoner must name the state officer having custody of him as the respondent.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996), citing Rule 2(a), 28 U.S.C. foll. § 2254.  "Typically, that person is the warden of the facility

1

in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id., quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note. If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id., quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note.

A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has named "State of California" as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

### **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

In accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States or laws or treaties of the United States.

///

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).  See Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir. 1988); Kealohapauole v. Shimoda, 800 F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254(a).

With respect to the one enumerated claim for relief, Petitioner indicates "Assistant Attorney General Newcomb criminally altered the record and submitted the illegal, fraudulent instrument to the California Supreme Court to obtain a final judgment," attaches an exhibit he contends "explains and proves that the record were [sic] criminally altered," and cites only California state decisional law in support of the claim. (ECF No. 1 at 3.)  As such, the Petition fails to state a cognizable federal claim because Petitioner fails to allege he is in custody in "violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254(a).

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34.  Ordinarily, to satisfy the exhaustion requirement, a petitioner "'must fairly present[]' his federal claim to the

highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available. Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

In the instant case, it does not appear Petitioner has exhausted state judicial remedies. Petitioner indicates he sought review in the California Supreme Court, but in response to the result of that review, he only indicates "Not relevant" and does not include a case number, citation or list of issues raised nor does Petitioner indicate he presented this issue to the state supreme court. (ECF No. 1 at 5.) In response to a section asking: "If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court," Petitioner separately states: "A void judgment may be collaterally attacked at any time and in any place/anywhere/in a separate/collateral suit," and cites California decisional law. (Id. at 6.)

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

The Court additionally cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

///

///

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), but see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

## JURISDICTION AND VENUE

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). Petitioner is presently confined at California Medical Facility in Vacaville, California, located in Solano County, which is within the jurisdictional boundaries of the United States District Court for the Eastern District of California. See 28 U.S.C. § 84(b). While it is not entirely clear, Petitioner appears to be challenging a judgment from Kern County because he references a judgment from the Kern County Superior Court and contends an assistant attorney general "criminally altered the record and submitted the illegal, fraudulent instrument to the

California Supreme Court to obtain a final judgment." (See ECF No. 1 at 2-3.) Kern County is also located within the jurisdictional boundaries of the United States District Court for the Eastern District of California. See 28 U.S.C. § 84(b). Accordingly, jurisdiction appears to lie in the Eastern District and not the Southern District.

## CONCLUSION AND ORDER

For the foregoing reasons, the Petition is **DISMISSED** without prejudice. If Petitioner wishes to proceed with this case, Petitioner must submit, **no later than August 19, 2022**, a copy of this Order along with: (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order and (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. To the extent Petitioner is attempting to proceed with a habeas action pursuant to section 2254 challenging a judgment entered in a jurisdiction outside the Southern District, Petitioner must file in that district rather than amend the instant Petition. See 28 U.S.C. § 2241(d); Braden, 410 U.S. at 497. The Clerk of Court is directed to send Petitioner a blank Southern District of California amended §2254 habeas petition form and *in forma pauperis* application along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: June 21, 2022

Hon. Gonzalo P. Curiel
United States District Judge